IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 05-37659-BM |
| DANIEL JOSHUA NUSBAUM, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| *************************************) | | |
| ALLEGHENY COUNTY BAR, | ) | |
| FOUNDATION, | ) | |
| Plaintiff, | ) | Adversary No. _____ |
| | ) | |
| v. | ) | Document No. _____ |
| | ) | |
| DANIEL JOSHUA NUSBAUM, | ) | Hearing: |
| | ) | Responses Due: |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. §523(a)(8)

AND NOW, comes Allegheny County Bar Foundation ("ACBF" or "Plaintiff"), by and through its undersigned counsel, and files the instant *Complaint to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. §523(a)(8)*, and in support thereof avers the following:

1. The within action is an adversary proceeding to determine the dischargeability of a debt.

### PARTIES

2. The Plaintiff is a non-profit organization primarily located at 400 Koppers Building, 436 Seventh Avenue, Pittsburgh, PA 15219.

3. Defendant is the Debtor in the above-referenced bankruptcy case which was commenced by the filing of a Voluntary Chapter 7 Petition under Title 11 of the United States Code (the "Bankruptcy Code") on October 14, 2005 (the "Petition Date").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b), §§105 and 523 of the Bankruptcy Code, and Federal Rules of Bankruptcy Procedure 4007 and 7001.

5. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## FACTUAL BACKGROUND

6. The averments set forth in Paragraphs 1 through 5 above are incorporated by reference as if set forth fully at length herein.

7. On or about May 10, 2001, the Debtor applied for an educational loan from the Foundation by completing and submitting an application for the Foundation's Louis Little Attorneys' Memorial Fund Scholarship Loan (the "Loan Application"). A true and correct copy of the Loan Application is attached hereto, marked as Exhibit "A", and made a part hereof.

8. Upon consideration of the Loan Application, the Foundation made a loan to the Debtor in the amount of $3,000.00 and, in exchange, the Debtor executed and delivered to the Foundation a note in the amount of $3,000.00 payable to the Foundation and dated August 31, 2001 (the "Note"). A true and correct copy of the Note is attached hereto, marked as Exhibit "B," and made a part hereof.

9. As of the Petition Date, the outstanding balance due and owing on the Note was $3,732.00.

10. The Debtor has included the balance due and owing under the Note on the Debtor's Schedule F as an unsecured non-priority claim in the amount of $3,732.00.

11. On the Debtor's Statistical Summary of Certain Liabilities Schedule, however, the Debtor does not include the Note under "Student Loan Obligations."

12. The Foundation is a government unit and/or a nonprofit institution.

13. Paragraph 4 of the Note stated that "Maker expressly acknowledges and certifies this to be an educational loan made under a program funded by a non-profit institution."

14. Although the Foundation believes that it need not take any action in order to obtain the relief requested herein, as §523(a)(8) is self-executing, out of an abundance of caution and due to the Debtor's implied assertion that the Debtor's obligation under the Note is not a "student loan obligation," the Foundation hereby requests that the Court enter an order confirming that the Debtor's debt under the Note is non-dischargeable pursuant to §523(a)(8) of the Bankruptcy Code.

15. The Foundation has attempted to contact the Debtor on numerous occasions in an effort to clarify and resolve this matter, but has received no substantive response.

**RELIEF REQUESTED**

16. The averments set forth in Paragraphs 1 through 15 above are incorporated by reference as if set forth fully at length herein.

17. The Debtor's obligations under the Note are non-dischargeable pursuant to §523(a)(8) of the Bankruptcy Code because:

   a) The Debtor's obligation under the Note constitutes a debt for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit; and/or,

   b) The Debtor's obligation under the Note constitutes a debt made under any program funded in whole or in part by a governmental unit or nonprofit institution; and/or,

    c) The Debtor's obligation under the Note constitutes a debt for an obligation to repay funds received as an educational benefit, scholarship, or stipend.

18. Based on the foregoing, the debt due and owing by the Debtor under the Note constitutes a debt of the type provided for under §523(a)(8) of the Bankruptcy Code and, therefore, is non-dischargeable.

WHEREFORE, Plaintiff, Allegheny County Bar Foundation, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Debtor: 1) determining that the debt due Plaintiff pursuant to the Note is non-dischargeable; 2) awarding Plaintiff its reasonable costs and attorneys' fees incurred in connection with the investigation and prosecution of this adversary proceeding; and 3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 9, 2006

Babst, Calland, Clements & Zomnir, P.C.

By: /s/ Mark A. Lindsay
    Norman E. Gilkey, Esq. (PA ID No. )
    Mark A. Lindsay, Esq. (PA ID No. 89487)
    Two Gateway Center, 8th Floor
    Pittsburgh, PA 15222
    Tel: (412) 394-5400
    Fax: (412) 394-6576

Attorneys for Allegheny County Bar Foundation